[Civ. No. 53300. Second Dist., Div. Four. Mar. 13, 1979.]

CITY OF LOS ANGELES, Plaintiff and Appellant, v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Defendant and Respondent.

380

## COUNSEL

Burt Pines, City Attorney, Jack L. Wells, Assistant City Attorney, and Frank D. Wagner, Deputy City Attorney, for Plaintiff and Appellant.

William E. Still, Walt A. Steiger and Alfred T. Marshall for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—The city appeals from a judgment dismissing its complaint as against defendant and respondent company, after that defendant's demurrer had been sustained without leave to amend. We affirm the judgment.

On or about March 9, 1961, the city and defendant entered into an agreement whereby the city was granted the right to construct improvements on certain real property of defendant located at the Port of Los Angeles. The agreement provided that, if the parties could not agree on the price to be paid for the property, the city would institute a condemnation action. No such agreement having been reached, the city filed its condemnation action, resulting in a judgment of condemnation.

During the period of occupancy, and until the entry of the judgment of condemnation, defendant paid real property taxes levied by the County of Los Angeles on the subject property, in the amount of $302,396.75.

In the judgment in the condemnation action, the court included the following provisions:

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that possession having been taken by plaintiff on March 9, 1961, all taxes, penalties, and costs that are a lien on said parcels and that are apportioned to that portion of the fiscal years after said date are hereby canceled pursuant to Revenue and Taxation Code Section 4986 et seq. of the Revenue and Taxation Code." and ordered the city to pay to defendant the amount of taxes theretofore paid by it. The city duly paid that amount, with interest. The county having refused to reimburse the city, it then filed the present action, naming both the county and this defendant as parties defendant, seeking to recover the amount paid under the condemnation judgment. The trial court sustained the demurrer of this defendant and dismissed the action;[1] the city has appealed; we affirm.

At the times herein involved, section 1252.2 of the Code of Civil Procedure[2] provided as follows: "When the property sought to be taken by eminent domain does not have a separate valuation on the assessment roll, any party to the eminent domain proceeding may, at any time after the taxes on such property are subject to cancellation pursuant to Section 4986 of the Revenue and Taxation Code, apply to the tax collector for a separate valuation of such property in accordance with Article 3 (commencing with Section 2821) of Chapter 3 of Part 5 of Division 1 of the Revenue and Taxation Code notwithstanding any provision in such article to the contrary." ▆ It is the contention of the city, in this proceeding, that that action by the condemnation court was beyond its

---

[1]So far as the record before us shows, the action is still pending as against the county.
[2]Now section 1268.420 of the Code of Civil Procedure.

jurisdiction, void, and subject to collateral attack in this proceeding. We disagree. Clearly, section 1252.2 not only authorized but directed a condemnation court to award, against the condemning party in favor of the condemnee, taxes subject to cancellation under the statutory provisions therein referred to. It is the common position of both parties to this appeal that the taxes paid by defendant were subject to cancellation under those provisions; nor is the amount of taxes involved herein questioned. So far as we can discover, the city's position in this case is that, since the county was not a party to the condemnation action, the court in that proceeding had no authority to order the taxes cancelled. While that is a position which the county may be able to raise in its defense to this action, it is frivolous as between the city and this defendant. All that the city's contention amounts to is that the condemnation court should have used different language in its decree. ■ Had that court made a finding of fact that the taxes were subject to cancellation, instead of ordering them cancelled, its judgment would have followed perfectly the provisions of section 1252.2. However, although improperly phrased, the condemnation court's judgment is, necessarily, such a finding of fact. The city cannot now take advantage of language which it could, but did not, seek to correct in that proceeding.

The city complains that, if it cannot hold both the county and this defendant in one action, it may end up with a final judgment against it in the condemnation and a contrary judgment against it in the present action against the county. Assuming that possibility (which we regard on the record before us as unlikely), it is the very situation that section 1252.2 contemplates. ■ That section casts the burden of securing cancellation on the condemner; by its very terms, "as between plaintiff and defendant," the condemnee is entitled to a return of the taxes it paid; the condemner must then act to secure, if it can, reimbursement from the county. The statute's very purpose is to insulate the condemnee from the risks of that procedure.

The judgment is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.